# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GONZALES,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>HAMILTON, et al.,<br><br>　　　　　Respondents.<br>_____/ | CASE NO. 1:06-cv-01809-LJO-GSA PC<br><br>ORDER DISMISSING PETITION FOR WRIT OF MANDATE, WITH PREJUDICE, AND DIRECTING CLERK OF THE COURT TO CLOSE ACTION<br><br>(Doc. 1) |

　　　Michael Gonzales, a state prisoner proceeding pro se and in forma pauperis, filed this petition for writ of mandate on December 13, 2006.  The petition describes the problems petitioner is encountering trying to file and exhaust inmate appeals so that he may file a civil suit.  Petitioner seeks an order compelling prison officials to comply with the regulations governing inmate appeals and issue a third level decision on his appeals grieving his package, mail, and excessive force issues. Petitioner cites to Wright v. State, 122 Cal.App.4th 659, 667-68 (Cal. App. 3d 2004) for the proposition that "[t]he remedy for an unreasonable delay is not a civil suit for damages but a writ of mandate ordering the Department to perform its duty by completing the review."

　　　Pursuant to 28 U.S.C. § 1361, district courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  "Mandamus is an extraordinary remedy . . . [and] is appropriately issued only when (1) the plaintiff's claim is clear and certain; (2) the defendant official's duty to act is ministerial, and so plainly prescribed as to be free from doubt; and (3) no

///

1  other adequate remedy is available." Barron v. Reich, 13 F.3d 1370, 1374 (9th Cir. 1994) (internal
2  citations and quotations omitted).

3       This Court has no jurisdiction over state officials. 28 U.S.C. § 1651; see also Demos v.
4  United States Dist. Court for E. Dist. Of Wash., 925 F.2d 1160, 1161 (9th Cir. 1991). Therefore,
5  the petition must be denied. Because neither the failure to process appeals nor delays in processing
6  appeals rise to the level of a constitutional violation, granting petitioner leave to amend to file a civil
7  rights complaint in this action would be futile.[1] Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.
8  2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.3d 641, 647
9  (7th Cir. 2001).

10      Accordingly, the petition for writ of mandate, filed December 13, 2006, is HEREBY
11 DISMISSED, with prejudice, and the Clerk of the Court shall close this action.

13 IT IS SO ORDERED.
14 **Dated:    January 28, 2009**          /s/ Lawrence J. O'Neill
                                            UNITED STATES DISTRICT JUDGE

---

[1] While misconduct on the part of prison officials which leads to the dismissal of a civil suit for failure to exhaust might support a claim for denial of access to the courts, such a claim would not accrue until petitioner suffered an actual injury through the dismissal of a suit. Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis v. Casey, 518 U.S. 343, 351 (1996); Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007). It is purely speculative that if petitioner is unable to exhaust through misconduct on the part of prison officials and files suit, his case will be dismissed. E.g., Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) ("[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it."); Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007) (Courts are "obligated to ensure any defects in exhaustion were not procured from the action of inaction of prison officials."); Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006) ("Prison officials may not take unfair advantage of the exhaustion requirement, [] and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." (quoting Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006))); Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir. 2004) (administrative remedies are exhausted when prison officials fail to timely respond to properly filed grievance).